Filed 1/27/21  P. v. Banister CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>STEVEN ARTHUR BANISTER,<br><br>  Defendant and Appellant. | G058910<br><br>(Super. Ct. No. INF10000236)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.  Respondent's request for judicial notice granted.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Under Penal Code section 1170.95, an accomplice to the crime of murder may petition a trial court to have a prior murder conviction vacated.[1] The petitioner may be eligible for relief if he or she was convicted of murder under the natural and probable consequences doctrine, or the former felony-murder rule, and the accomplice could no longer be found vicariously liable due to recent statutory changes. (§§ 188, 189.)

In 2012, a jury found codefendants Steven Arthur Banister and Travis Martin Cody guilty of murder. The jury also found true a special circumstance allegation that the victim was killed during the course of a robbery and a burglary and "both defendants inflicted the significant blunt force trauma that contributed to the death." (*People v. Banister et al.* (Sept. 9, 2014, G049837) [nonpub. opn.] (*Banister*).)[2]

In 2019, Banister filed a section 1170.95 petition, which was "dismissed" by the trial court. Banister filed an appeal. Banister's appointed counsel filed a brief identifying no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) We invited the parties to file supplemental briefs regarding several procedural issues we identified (e.g., the trial court "dismissed" rather than "denied" the section 1170.95 petition).

The jury found Banister to be one of two actual killers and he is therefore ineligible for relief under section 1170.95 as a matter of law. The procedural issues we identified are not arguably prejudicial. Thus, we affirm the order of the trial court.

I

FACTS AND PROCEDURAL HISTORY

In 2009, Banister and Cody broke into 75-year-old Edward Keeley's residence in Desert Hot Springs. Banister and Cody robbed Keeley of some of his valuables, struck him with the buttstock of a gun, beat him around his face and skull, and

[1] Further undesignated statutory references are to the Penal Code.

[2] We grant the Attorney General's request to take judicial notice of the opinion.

2

strangled him to death. According to forensic pathologist Dr. Joanna Young, "Keeley died 'due to strangulation, *with other significant conditions of blunt force head trauma.*' (Italics added.) The blunt force trauma referred to by Dr. Young included, 'fairly extensive[]' damage to Keeley's face." (*Banister*, *supra*, G049837.)

"Although there was no evidence as to which of the defendants *strangled* Keeley, there was evidence both defendants inflicted the significant blunt force trauma that contributed to the death. The day after the murder, Banister told [a witness] he had 'screwed up' and may have killed someone when he beat up the person. [Another witness] heard Cody (whom he referred to as Travis) say he and Little Man (Banister) beat up someone whose home they had burglarized and left the person in 'really bad shape.'" (*Banister*, *supra*, G049837.)

In 2010, the prosecution filed an information charging Banister and Cody with one count of murder. The information further alleged the murder was committed during the course of a robbery and a burglary. (§ 190.2, subd. (a)(17).)

Following a trial, a jury found Cody and Banister guilty of first degree murder and found the special circumstance allegation to be true. "The jury was instructed pursuant to CALCRIM No. 730 on the elements of the special circumstance." (*Banister*, *supra*, G049837.) The instruction required a finding that Banister "did an act that caused the death of another person." (CALCRIM No. 730.) The trial court sentenced Banister to prison for life without the possibility of parole.

On April 22, 2019, Banister filed a section 1170.95 petition on a pre-printed form. Banister averred: "A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequence doctrine." Banister also averred: "At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine[.]" Banister made a request for appointed counsel and averred: "I was not the actual killer."

3

On May 31, 2019, the trial court conducted proceedings on the petition. The court appointed counsel. The minute order states: "Two of the cases that have come up under Penal Code section 1170.95, the resentencing provisions contemplated by Senate Bill 1437, have been argued and fully briefed before the court. They are *People v. Lamoureux*, SWF1101646 and *People v. Salcido*, RIF102042. In both those cases, the Court ruled that PC 1170.95, to the extent that it allowed for the retrospective upsetting of sentences that had already been legally imposed, is unconstitutional, a violation of Proposition 7. Therefore, the proceedings are stayed . . . pending the outcome of *Lamoureux* or *Salcido*, or any binding Court of Appeals decision."

On May 31, 2019, Banister filed: "**REPLY IN SUPPORT OF PETITION FOR RESENTENCING PURSUANT TO PENAL CODE SECTION 1170.95**." Although captioned as a "reply" brief, the record does not indicate that the district attorney had at this point filed any briefs in the section 1170.95 matter.

On August 16, 2019, the trial court conducted proceedings on Banister's section 1170.95 petition. The minute order includes the same notations as the earlier hearing. The court again continued the matter.

On November 5, 2019, the district attorney filed: "**PEOPLE'S RESPONSE TO PENAL CODE SECTION 1170.95 PETITION BASED ON CONSTITUTIONALITY OF SENATE BILL 1437 AND RESULTING STATUTES; REQUEST FOR JUDICIAL NOTICE**." The district attorney requested that the court take judicial notice of its briefing in the *Salcido* and *Lamoureux* cases. The brief also included the following: "**However, notwithstanding the People's constitutional objections, the court should summarily deny the petition because a review of readily available records contained in the court's judicial access database, including the appellate opinion affirming the judgment, shows true findings on robbery and burglary special circumstances, and specific findings by the Court of**

4

**Appeal that even if defendant was not the actual killer, he was a major participant who acted with reckless indifference**.”

On November 8, 2019, the trial court conducted further proceedings on Banister's section 1170.95 petition. The court again continued the matter.

On January 31, 2020, the court conducted a hearing on the section 1170.95 petition. The complete transcript of the hearing states the following:

“THE COURT: Calling the Steven Banister matter.

“MR. ROMNEY: Good morning. Brent Romney of VMB attorneys.

“MR. TATE: Alan Tate for the People. We would like to make a motion to dismiss this petition. He was convicted of murder with a robbery/murder special circumstance found true, sentenced to LWOP. [¶] The jury instruction shows he was the -- he was one of two actual killers. There's a 2014 opinion in imaging at page 17; it showed that both were prosecuted -- both defendants were prosecuted as direct killers. And on page 18, the appellate court found sufficient evidence that the defendant was a major participant acting with reckless indifference.

“MR. ROMNEY: I submit, your Honor.

“THE COURT: All right. Matter is dismissed.”


II

DISCUSSION

“No judgment shall be set aside . . . unless . . . the error complained of has resulted in a miscarriage of justice.” (Cal. Const., art. VI, § 13.) Ordinarily, we apply one of two standards for assessing prejudicial errors: (1) the *Watson* test (the defendant must show a reasonable probability that the outcome of the proceeding would have been different in the absence of the error); or (2) the *Chapman* test (the prosecution must show the error was harmless beyond a reasonable doubt). (See *People v. Watson* (1956) 46 Cal.2d 818, 836-837; *Chapman v. California* (1967) 386 U.S. 18, 23-24.)

5

In this discussion we will:  (A) review the changes in the law regarding an accomplice's vicarious liability for murder; (B) review the relevant language of section 1170.95; and (C) analyze and apply the law to the facts.

*A.  Changes in the Law Regarding Vicarious Liability for Murder*

A person may be convicted of a crime as a direct perpetrator, or as an aider and abettor.  (§ 31.)  An aider and abettor can be held liable for crimes that were intentionally aided and abetted (target offenses); an aider and abettor can also be held liable for any crimes that were unintentional but were reasonably foreseeable (nontarget offenses).  (*People v. Laster* (1997) 52 Cal.App.4th 1450, 1463.)  Aider and abettor liability for intentional crimes is known as "direct" aider and abettor liability; aider and abettor liability for unintentional crimes is known as the """natural and probable consequences" doctrine.'"  (*People v. Montes* (1999) 74 Cal.App.4th 1050, 1055.)

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.).  With the passage of Senate Bill No. 1437, the Legislature reduced the scope of the felony-murder rule and eliminated vicarious liability for murder under the natural and probable consequences doctrine.  Generally, liability for murder now requires that the defendant:  1) was the actual killer; 2) was a direct aider and abettor who acted with the intent to kill; or 3) "was a major participant in an underlying felony and acted with reckless indifference to human life."  (See §§ 187, 188, 189.)

*B.  The Language of Section 1170.95*

With the passage of Senate Bill No. 1437, the Legislature also added section 1170.95.  (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019.)  Section 1170.95 provides a procedure whereby eligible persons can petition to dismiss their prior murder convictions if they were convicted under vicarious liability theories that are no longer valid (the former felony-murder rule or the natural and probable consequences doctrine).

Section 1170.95 designates: 1) the threshold requirements for relief; 2) the requirements of the petition; and 3) the procedures to be followed.

*1. The Threshold Requirements for Relief*

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes . . . made effective January 1, 2019." (§ 1170.95, subd. (a).)

*2. The Requirements of the Petition*

"(b)(1) The petition shall be filed with the court that sentenced the petitioner and served by the petitioner on the district attorney, . . . and on the attorney who represented the petitioner in the . . . county where the petitioner was convicted. . . . The petition shall include all of the following:

"(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a).

"(B) The . . . court case number and year of the petitioner's conviction.

"(C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).)

7

*3. The Procedures to be Followed*

"(c) The court shall review the petition and determine if the petitioner has made a *prima facie showing* that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause.

"(d)(1) Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner . . . .

"(2) The parties may waive a resentencing hearing and stipulate that the petitioner is eligible to have his or her murder conviction vacated . . . .

"(3) At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, . . . the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subds. (c) & (d), italics added.)

*C. Analysis and Application*

We invited the parties to submit supplemental briefing. We asked the parties to address six possible procedural errors, and to address whether the potential errors were prejudicial: 1) the failure of the trial court to determine if Banister had established a prima facie case; 2) the lack of an order to show cause; 3) the failure to conduct an evidentiary hearing; 4) the court's "dismissal" rather than the "denial" of the petition; 5) the failure of the court to specify what materials it relied upon; and 6) the apparent reliance of the trial court on our prior unpublished opinion.

Here, it appears that the trial court did not make an initial prima facie determination and did not issue an order to show cause because the parties were waiting

on a ruling as to whether section 1170.95 violated the state Constitution. (See *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 [Senate Bill No. 1437 and section 1170.95 did not violate any provisions of the state Constitution].) Further, courts have used the terms "dismiss" and "deny" interchangeably when ruling on section 1170.95 petitions; therefore, this distinction is of no apparent consequence. (See, e.g., *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329-330, review granted Mar. 18, 2020, S260493, italics added ["Based on a threshold review of . . . documents, the court can *dismiss* any petition filed by an individual who was not actually convicted of first or second degree murder"].)

In any event, the jury found Banister to be one of two actual killers and he is therefore ineligible for relief under section 1170.95 as a matter of law. (See *Banister*, *supra*, G049837; see also *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [upholding summary denial where the jury verdict necessarily encompassed a jury finding that the petitioner "was the 'actual killer'"].) Consequently, any of the possible procedural errors we identified are not arguably prejudicial under any standard. (See *People v. Watson*, *supra*, 46 Cal.2d at pp. 836-837; *Chapman v. California*, *supra*, 386 U.S. at pp. 23-24.)

Thus, we affirm the trial court's dismissal (with prejudice) of Banister's section 1170.95 petition. [3]

---

[3] We respectfully urge the trial court in future proceedings to adhere to the procedural mandates under section 1170.95, either grant or deny the petitions, and concisely state the basis for its rulings. (See *People v. Tarkington* (2020) 49 Cal.App.5th 892, 910-911.)

## III

## DISPOSITION

The trial court's order dismissing Banister's section 1170.95 petition is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.